UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
DEC 22 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-285-GWU

FREDA K. KINNEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion on several grounds.

## II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1) the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3) the position of the government is not substantially justified, and

4) no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

1

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

### III. DISCUSSION

The Commissioner contends that the government's position was substantially justified.

The Court's basis for ordering a remand was that the Administrative Law Judge's choice of mental restrictions did not reflect either the opinions of state agency reviewing psychologists who found "moderate" limitations in certain areas, or the opinion of an examining psychiatrist, Dr. Kevin Eggerman, who found some limitation in the area of persisting on tasks. As the Court noted in the Memorandum Opinion, the ALJ could reasonably have relied on either source, but did not. Thus, the hypothetical question was not supported by the medical evidence.

In opposition to the motion currently before the Court, the Commissioner cites a section of her Program Operations Manual System (POMS) which declares

that Section I of a Mental Residual Functional Capacity Assessment form filled out by the state agency reviewers is "merely a worksheet" and "does not constitute an RFC assessment." POMS Section DI 24510.060B2. Although the POMS has been cited as persuasive, albeit not controlling, authority, see, e.g., Davis v. Secretary of Health and Human Services, 867 F.2d 336, 340 (6th Cir. 1989), this argument is unpersuasive. Section I of the form is captioned "Summary Conclusions" (emphasis added), and provides that Section III of the form is to be used for a "[d]etailed explanation of the degree limitation for each category." Section III, while captioned "Functional Capacity Assessment," states that it is for "elaborations on the preceding capacities." (Emphasis added.)

Therefore, as stated in the Court's Memorandum Opinion, 20 C.F.R. Section 404.1527(f)(2)(i) requires an explanation of the ALJ's reasoning in rejecting the opinions of the state agency reviewing sources.

Additionally, being persuaded by the plaintiff's affidavit as to work performed, and finding that the proper rate for the 4.2 hours of work performed in 2004 is $100.00 per hour, and that the proper rate is $125.00 per hour for the 17.6 hours of work performed in 2005, a total award of $2,620.00 is justified.

This the 22 day of December, 2005.

G. WIX UNTHANK
SENIOR JUDGE

3